Filed 8/31/15  P. v. Orr CA6
Opinion on Rehearing

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TALYON JEROME ORR,<br><br>    Defendant and Appellant. | H041278<br>(Santa Clara County<br>Super. Ct. No. CC643445) |

Appellant Talyon Jerome Orr filed a notice of appeal from an order by the trial court denying his petition filed pursuant to Penal Code section 1170.126[1] for recall of his indeterminate life sentence imposed under the original Three Strikes law (Prop. 184, § 1, as approved by voters, Gen. Elec. (Nov. 8, 1994)).

Section 1170.126, added by Proposition 36 and effective November 7, 2012, permits a person serving an indeterminate term of imprisonment under the Three Strikes law to file a petition for recall of sentence and to request resentencing.  The statute limits eligibility to those whose current convictions are for felonies that are not defined as serious or violent felonies under section 667.5, subdivision (c), or 1192.7, subdivision (c). (§ 1170.126, subd. (e)(1).)

*Facts and Proceedings Below*

On December 12, 2007, a jury convicted appellant of first degree burglary (§§ 459, 460, subd. (a), count 1) and receiving stolen property (§ 496, subd. (a), count 4).

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Appellant admitted that he had suffered three prior strike convictions (§§ 667, subds. (b)-(i), 1170.12), two serious felony convictions (§ 667, subd. (a)) and had served two prior prison terms (§ 667.5, subd. (b)).[2]

Thereafter, on March 28, 2008, the court sentenced appellant to an aggregate term of 60 years to life in prison—two 25-to-life terms to be served consecutively for count 1 and count 4, consecutive to 10 years for the two serious felony priors.[3]

Subsequently, on June 24, 2014, in pro per, appellant petitioned the court for recall of his sentence pursuant to section 1170.126. In his petition, appellant listed his current felony convictions as "First Degree Burglary P.C. 459/460 (A)" and "Buying, Receiving, or Withholding Stolen Property P.C. 496 (A)." Appellant argued that his current felony offense "P.C. 459/460(A) is not defined as a serious or violent felony per Penal Code 1192.7 (c) or 667.5 (c) . . . ."[4] The court denied the petition on July 1, 2014. In a written order, the court found appellant ineligible for resentencing because "Residential burglary is a serious felony as defined in Penal Code § 1192.7(c)(18). Thus because [appellant]'s current indeterminate sentence under § 667(e)(2) and 1170.12(c) was imposed for a serious/violent felony, [appellant] is not among the group of persons subject to the remedial provisions of Penal Code § 1170.126. [¶] Because the petition fails to state a prima facie case for relief, the request for appointment of counsel is DENIED."

*Discussion*

On appeal, appellant contended that the "trial court got it 'half-right': [he] is plainly ineligible to be resentenced on the first degree burglary charge"; however, he argues that he is "clearly eligible to be resentenced as to the separate offense of receiving

---

[2] On our own motion, we have taken judicial notice of the record in appellant's previous appeal *People v. Orr*, (June 25, 2009, H032806) [nonpub. opn.].

[3] Appellant filed a notice of appeal in case No. H032806 raising various issues, which this court rejected.

[4] Appellant is incorrect. His first degree burglary conviction is a serious felony (§1192.7, subd. (c)(18), and depending on the circumstances can be a violent felony (§ 667.5 subd. (c)(21).

stolen property–a nonserious, nonviolent felony . . . ." In a supplemental opening brief, appellant argued that the order denying resentencing must be reversed because he was deprived of his right to counsel under the state and federal Constitutions. We disagreed with appellant on both points and affirmed the order denying resentencing.

On July 2, 2015, appellant filed a petition for rehearing in which he requested that we reconsider the matter in light of *People v. Johnson* (2015) 61 Cal.4th 674 (*Johnson*). Appellant pointed out that in *Johnson* the California Supreme Court decided the issue in his case in a manner contrary to this court's unpublished opinion. We granted rehearing to reconsider the issues raised by appellant in light of the Supreme Court's decision in *Johnson*.

One of appellant's two indeterminate sentences was imposed for first degree burglary, a serious felony (§ 1192.7, subd. (c)(18)), and one was imposed for receiving stolen property, a felony that is not classified as serious or violent. The court sentenced appellant consecutively on the two counts. (§§ 667, subd. (c)(6), 1170.12, subd. (a)(6).)

In *Johnson*, the California Supreme Court held that when a defendant petitions for recall of his indeterminate life sentence under Proposition 36, "the Act requires an inmate's eligibility for resentencing to be evaluated on a count-by-count basis. So interpreted, an inmate may obtain resentencing with respect to a three-strikes sentence imposed for a felony that is neither serious nor violent, despite the fact that the inmate remains subject to a third-strike sentence of 25 years to life." (*Johnson*, *supra*, 61 Cal.4th at p. 688.) We are bound by the *Johnson* decision. (*Auto Equity Sales*, *Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

Since in this case, as noted, appellant was convicted of two counts—one a serious felony and the other not a serious felony—and was sentenced to two consecutive 25-to-life terms, he is entitled to resentencing on the non-serious felony count, receiving stolen property. Accordingly, we conclude that the trial court erred in denying appellant's petition for resentencing pursuant to section 1170.126 on his indeterminate

3

life sentence on the receiving stolen property count. As a result, we reverse the trial court's order and remand the matter to the superior court to conduct a new hearing to determine appellant's eligibility for recall and resentencing on the receiving stolen property count under the criteria set forth in section 1170.126, subdivision (e). If appellant is eligible, the court should exercise its discretion as to whether to recall appellant's sentence and resentence him pursuant to section 1170.126 on that count.

That being said, in his appeal, appellant contended that reversal of the court's order was required, because he was deprived of his right to counsel when the trial court conducted the initial screening of his petition to determine his eligibility for resentencing under section 1170.126. Appellant argued that this is an issue of first impression, which must be resolved in his favor based on parallel case law concerning the right to counsel at sentencing proceedings, and at post-conviction hearings where a criminal defendant has established a prima facie case for relief. Although we are reversing and remanding this case to the trial court, we address this issue for the guidance of the trial court.

Certainly, "[t]he Sixth Amendment right to the assistance of counsel applies at all critical stages of a criminal proceeding in which the substantial rights of a defendant are at stake. [Citation.]" (*People v. Crayton* (2002) 28 Cal.4th 346, 362.) Further, a defendant is entitled to the effective assistance of counsel at a sentencing hearing. (See *Gardner v. Florida* (1977) 430 U.S. 349, 358 (*Gardner*).) However, the initial screening of the petition to determine eligibility for resentencing is not a sentencing hearing.

In claiming a constitutional right to counsel, appellant relies upon two United States Supreme Court cases, *Gardner*, *supra*, 430 U.S. 349 and *Mempa v. Rhay* (1967) 389 U.S. 128 (*Mempa*), and two California Supreme Court cases, *People v. Shipman* (1965) 62 Cal.2d 226 (*Shipman* ) and *In re Clark* (1993) 5 Cal.4th 750 (*Clark*).

In *Gardner*, *supra*, 430 U.S. 349, a plurality of the United States Supreme Court concluded that "petitioner was denied due process of law when the death sentence was

4

imposed, at least in part, on the basis of information which he had no opportunity to deny or explain." (*Id*. at p. 362 (plur. opn. of Stevens, J.).) In reaching that conclusion, the court stated: "[I]t is now clear that the sentencing process, as well as the trial itself, must satisfy the requirements of the Due Process Clause. Even though the defendant has no substantive right to a particular sentence within the range authorized by statute, the sentencing is a critical stage of the criminal proceeding at which he is entitled to the effective assistance of counsel. [Citations.] The defendant has a legitimate interest in the character of the procedure which leads to the imposition of sentence even if he may have no right to object to a particular result of the sentencing process. [Citation.]" (*Id*. at p. 358, fn. omitted (plur. opn. of Stevens, J.).)

The *Gardner* case is of no help to appellant. First, *Gardner* was a capital case and this case is not. Second, while *Gardner* mentioned that sentencing is a critical stage of a criminal prosecution and applied principles of due process, it did not address the right to counsel at post-conviction proceedings. We recognize that original sentencing or resentencing upon remand following an appeal is a critical stage of a criminal prosecution but the resentencing sought by appellant does not fall into those categories.

In *Mempa*, which involved two consolidated cases applying Washington state law, sentencing had been "deferred subject to probation." (*Mempa*, *supra*, 389 U.S. at p. 130.) The petitioners pleaded guilty and were placed on probation without imposition of sentence; later, they were sentenced upon revocation of probation without the benefit of counsel. (*Id*. at pp. 130-133.) The United States Supreme Court stated the basic rule that "appointment of counsel for an indigent is required at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected." (*Id*. at p. 134.) The high court determined that a lawyer must be afforded to defendants at the deferred sentencing stage of the proceeding. (*Id*. at p. 137.)

5

Appellant was sentenced in 2008. His 2014 petition for recall of sentence under section 1170.126 did not constitute deferred sentencing. Rather, the petition initiated a statutory, post-conviction procedure to seek a reduction of sentence.

*Shipman* held that a petitioner who has made a prima facie case for *coram nobis* relief is entitled to the appointment of counsel. (*Shipman*, *supra*, 62 Cal.2d at pp. 232-233.) A writ of error *coram nobis* is a narrow remedy to vacate a conviction and has limited application. (*People v. Kim* (2009) 45 Cal.4th 1078, 1092.)[5].

In *Shipman*, the California Supreme Court stated that "[i]t is now settled that whenever a state affords a direct or collateral remedy to attack a criminal conviction, it cannot invidiously discriminate between rich and poor. . . ." (*Shipman*, *supra*, 62 Cal.2d at p. 231.) "Although the United States Supreme Court has not held that due process or equal protection requires appointment of counsel to present collateral attacks on convictions, it has held that counsel must be appointed to represent the defendant on his first appeal as of right. (*Douglas v. California* (1963) 372 U.S. 353.) Since the questions that may be raised on *coram nobis* are as crucial as those that may be raised on direct appeal, the *Douglas* case precludes our holding that appointment of counsel in *coram nobis* proceedings rests solely in the discretion of the court." (*Ibid*.) "A state may, however, adopt reasonable standards to govern the right to counsel in *coram nobis*

___

**5** "To qualify as the basis for relief on *coram nobis*, newly discovered facts must establish a basic flaw that would have prevented rendition of the judgment. [Citations.]" (*People v. Kim*, *supra*, 45 Cal.4th at p. 1103) "New facts that would merely have affected the willingness of a litigant to enter a plea, or would have encouraged or convinced him or her to make different strategic choices or seek a different disposition, are not facts that would have prevented rendition of the judgment." (*Ibid*.) "Because the writ of error *coram nobis* applies where *a fact* unknown to the parties and the court existed at the time of judgment that, if known, would have prevented rendition of the judgment, '[t]he remedy does not lie to enable the court to correct errors of law.' [Citations.] Moreover, the allegedly new fact must have been unknown and must have been in existence at the time of the judgment. [Citation.]" (*Id*. at p. 1093.) "[T]he writ of error *coram nobis* is unavailable when a litigant has some other remedy at law." (*Ibid*.)

proceedings." (*Id.* at p. 232.) The court established that where "an indigent petitioner has stated facts sufficient to satisfy the court that a hearing is required, his claim can no longer be treated as frivolous and he is entitled to have counsel appointed to represent him" (*ibid.*) and entitled to counsel on appeal but "*in the absence of adequate factual allegations stating a prima facie case, counsel need not be appointed either in the trial court or on appeal from a summary denial of relief in that court.*" (*Ibid.*, italics added.)

In *Clark*, the California Supreme Court concluded that "[i]n limited circumstances, consideration may be given to a claim that prior habeas corpus counsel did not competently represent a petitioner." (*Clark*, *supra*, 5 Cal.4th. at p. 779.) The *Clark* court explained: "An imprisoned defendant is entitled by due process to reasonable access to the courts, and to the assistance of counsel if counsel is necessary to ensure that access, but neither the Eighth Amendment nor the due process clause of the United States Constitution gives the prisoner, even in a capital case, the right to counsel to mount a collateral attack on the judgment. [Citation.] This court has held, however, that if a petition attacking the validity of a judgment states a prima facie case leading to issuance of an order to show cause, the appointment of counsel is demanded by due process concerns. [Citations.] [¶] Regardless of whether a constitutional right to counsel exists, a petitioner who *is* represented by counsel when a petition for writ of habeas corpus is filed has a right to assume that counsel is competent and is presenting all potentially meritorious claims. [Citations.] [¶] If, therefore, counsel failed to afford adequate representation in a prior habeas corpus application, that failure may be offered in explanation and justification of the need to file another petition." (*Id.* at pp. 779-780.) This holding has no application to this case.

No sound constitutional principle can be derived from the holdings of the foregoing cases to establish a right to counsel under the circumstances of this case. Appellant has not shown that proceedings on a post-conviction petition for recall of sentence pursuant to section 1170.126 are part of a criminal prosecution within the

7

meaning of the Sixth Amendment.  Neither has he established that he has a constitutional right to counsel under existing case law based upon principles of due process.  A petition pursuant to section 1170.126 is not the first appeal of right.  It does not even challenge the validity of the original sentence.  Although due process may afford a right to counsel in certain proceedings beyond the coverage of the Sixth Amendment, appellant has not demonstrated that the fundamental fairness demanded by due process required the appointment of counsel to represent him at the initial screening of his petition for recall.

The eligibility inquiry is straightforward; the presence and participation of counsel at the initial screening of the petition are constitutionally unnecessary.

## *Disposition*

The order appealed from is reversed and the matter is remanded to the superior court to determine whether to grant appellant's petition for recall of sentence on the receiving stolen property count.

_____

ELIA, J.

WE CONCUR:

_____

RUSHING, P. J.

_____

WALSH, J.[*]

*The People v. Orr*
H041278

---

[*]Judge of the Santa Clara County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.